UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                 )<br>            Plaintiff,           )<br>                                 )<br>     v.                          )<br>                                 )<br> TROY KING,                      )<br>                                 )<br>            Defendant.           )<br>_____  ) | CR NO. S-03-172 GEB<br><br>TRIAL CONFIRMATION ORDER |

Trial in the above-captioned case is scheduled to commence on August 2, 2005, at 9:00 a.m.  That date was confirmed at the hearing on July 1, 2005.

No later than July 20, 2005, the parties shall file the following documents:

      (1)   proposed jury instructions;

      (2)   proposed voir dire questions to be asked by the Court;

      (3)   trial briefs;[1]

---

[1] *To ensure that the trial proceeds at a reasonable pace, the government is required to include in its trial brief a summary of points of law, including reasonably anticipated disputes concerning admissibility of evidence, legal arguments,*
(continued...)

1

1           (4)  a joint statement or joint proposed jury instruction
2  that can be read to the jury in advance of voir dire that explains the
3  nature of the case; and
4           (5)  proposed verdict form.
5           If feasible, at the time of filing the proposed jury
6  instructions, proposed voir dire questions, and joint statement,
7  counsel shall also submit a copy to the Court in Wordperfect format by
8  email to geborders@caed.uscourts.gov.
9           The government's exhibits shall be numbered on stickers
10 provided by the court.  Should the defendant elect to introduce
11 exhibits at trial, such exhibits shall be designated by alphabetical
12 letter on stickers provided by the court.  The parties may obtain
13 exhibit stickers by contacting the clerk's office at (916) 930-4000.
14          At the hearing on July 1, 2005, the parties estimated it
15 will take four (4) days to complete the trial, which excludes jury
16 deliberation time.  Each party is granted fifteen (15) minutes for
17 voir dire, which may be used after the judge completes judicial voir
18 dire.
19          Fourteen (14) jurors will be impaneled.[2]  The "struck jury"
20 system will be used to select the jury.[3]  At the beginning of the voir

---

[1](...continued)
*and citations of authority in support thereof.*  L.R. 16-285(a)(3).  The defense is also encouraged to do this to the extent it opines it should.

[2]     This includes two (2) alternate jurors.

[3]     As explained in United States v. Blouin, 666 F.2d 796, 798 (2d Cir. 1981), "the goal of the 'struck jury' system is to whittle down an initially selected group . . . [to the amount of jurors] who will serve as the petit jury."  The selected group
(continued...)

2

dire process, approximately thirty-six (36) prospective jurors, randomly selected by the Jury Administrator, will be seated for voir dire. The order of the jurors' random selection is reflected by the order in which they will be seated. The first twelve (12) jurors on the list will constitute the petit jury unless one or more of those twelve (12) is excused for some reason. The first randomly selected juror will be in jury seat number one, which is at the extreme right-hand side of the jury box in the top row as the jury box is viewed from the well of the courtroom. The ninth selected juror will occupy the seat located at the extreme right-hand side of the jury box in the bottom row. The remaining jurors will be similarly seated. Assuming that the juror seated in the first seat is excused, the juror in the second seat becomes the first, and the other jurors' numbers are changed accordingly; however, the jurors continue to occupy their original assigned seats.[4]

Peremptory strikes will be exercised silently, by passing the strike sheet between the parties, with the government going first in each round. To use a challenge, the attorney will write the seat number of the juror above the line next to the numbered challenge. A party who does not use a challenge in any round waives any further

---

[3](...continued) consists of the jurors who will hear the case, plus the number of jurors required to enable the parties to use the combined number of peremptory challenges allotted to both sides for striking jurors from the group. Typically extra jurors are included in the select group in the event the minimum amount of jurors required for the "struck system" is reduced "for cause" or some other reason.

[4] Attached is a copy of the form entitled Query re Excuse Potential Juror, which may be used during jury selection.

right to exercise that challenge and is required to reflect this waiver by writing the word "pass" on the strike sheet.

If any party has a <u>Batson</u> or other objection to opposing counsel's use of a peremptory strike, it must be made immediately upon recognition of the same, and before moving to another round.  However, this ruling does not prevent a party from making such an objection later based on information gained that justifies making the objection at a later time.  But any objection must be made before the Court excuses that juror from further participation in the voir dire process.  Failure to do this constitutes waiver of a <u>Batson</u> and any other objection.

Each party's respective opening statement must be made within twenty-five (25) minutes.

IT IS SO ORDERED.

Dated: July 1, 2005

<u>/s/ Garland E. Burrell, Jr.</u>
GARLAND E. BURRELL, JR.
United States District Judge

<u>Query re Excuse Potential Juror</u>

Do you Agree that Juror No. \_\_\_\_ should be excused for the reason stated by the juror or for any other reason?  (Check applicable box below)

|  | Government's Attorney | Defendant's Attorney |
|---|---|---|
| RESPONSE: | ☐ Yes   ☐ No | ☐ Yes   ☐ No |