IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,          )
                                   )          2:03-CR-00172-GEB
                     Plaintiff,    )
                                   )
     v.                            )          <u>TRANSMISSION TO PARTIES</u>
                                   )          <u>OF TRIAL DOCUMENTS</u>
TROY KING,                         )
                                   )
                     Defendant.    )
_____    )

   The parties' respective proposed voir dire and jury instructions have been considered.  The attached draft voir dire questions, preliminary jury instructions and closing jury instructions reflect an attempt to address most of the matters the parties desire addressed.[1]

   Most of the issues on which Defendant has proposed jury instructions are adequately covered either by the government's proposed instructions, or in the attached preliminary jury

---

  [1] All of the parties' requested voir dire questions are not included in the proposed voir dire.  But the parties will have an opportunity to "probe[] a juror's qualification" during the time each side was allotted for follow-up voir dire.  <u>United States v. Toomey</u>, 764 F.2d 678, 683 (9th Cir. 1985) (indicating that a party "is not necessarily entitled to test the jurors on their capacity accept his [or its] theory of the case.").

instructions, except for Defendant's proposed "Government Informers" and "Entrapment" instructions.[2]  Defendant's "Government Informers" instruction is covered by Ninth Circuit Model Instruction 4.9, which is included in the attached closing jury instructions.  Defendant's proposed "Entrapment" instruction is not presently included.

Minor modifications were made to the government's proposed instructions 1 (lines 4-5), 2 (lines 1-2), 11 ("defendants" made singular), 26 (the last paragraph was modified), 31 and 32 (the word "bailiff" is changed).

Dated:  July 21, 2005

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

---

[2]     The government's proposed jury instructions are based on the Ninth Circuit Model Instructions, which I prefer to use.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


UNITED STATES OF AMERICA,                CR. S-03-172 GEB

       Plaintiff,                        <u>DRAFT VOIR DIRE</u>
                                         <u>OVERVIEW AND QUESTIONS</u>
   v.


TROY KING,

       Defendant.

_____/


    Good morning, and welcome to the United States District
Court.  Thank you for both your presence and your anticipated
cooperation in the questioning process we are about to begin.  You
are performing an important function in our legal system.

    The court personnel who will assist me in this trial are on
the platform below me.  The Courtroom Deputy is Shani Furstenau.
She's on the platform below me on my left side.  Next to her is
the Certified Court Reporter, Kimberly Watkins.

1

We are about to begin what is known as voir dire.  The purpose of voir dire is to have each of you disclose any feelings, bias, and prejudice against or in favor of any party, so we can ascertain which of you can fairly sit as a juror in this particular case.  Voir dire consists of questions designed to tell the parties some general things about each prospective juror,  and to provide the parties with information about whether a prospective juror should be a juror in this case.  It allows the parties to exercise more intelligently their peremptory challenges and enables the Court to determine whether or not any prospective juror should be excused for cause.  Challenges for cause permit rejection of prospective jurors for a legally cognizable basis of partiality.  Each side is given a certain number of peremptory challenges.  The parties will exercise their peremptory challenges after the questioning is complete.

    1.   Ms. Furstenau, please administer the oath to the panel.

    2.   Counsel, the Jury Administrator has already randomly selected potential jurors and placed their names on the sheet that has been provided to each party in the numerical sequence in which they were randomly selected, and each juror has been placed in his or her randomly-selected seat.

    3.   I will ask a series of questions as a group.  If any potential juror has a response, please raise the number you've been given, which reflects your seat number.  Generally, you will be given an opportunity to respond in accordance with the

numerical order in which you are seated, with the lowest seat numbered juror responding first.  If no hand is raised, I will simply state "no response."  If you know it is your turn to respond to a question, you may respond before I call your name by stating your last name and then your response. That should expedite the process.

**4.   If you conclude that any question unduly pries into your private affairs and you, therefore, wish to discuss it privately, let me know of that request.**  While I'm authorized under law to protect your legitimate privacy interests, I may ask some questions in the area that you indicate a desire to discuss in private to determine whether we can discuss any aspect of the matter in open court without disclosing what you desire to keep private.  This approach is taken because the trial should be open unless I have a legitimate reason to close an aspect of it.

5.   This is a criminal case brought by the United States government.  The government charges the defendant with three separate crimes: (1) distribution of a controlled substance, specifically cocaine base, on November 11, 2002, (2) possession with the intent to distribute a controlled substance, specifically cocaine base, on May 20, 2003, and (3) possession with the intent to distribute a controlled substance, specifically cocaine, on May 20, 2003.  The charges against the defendant are contained in the Indictment.  The Indictment is simply a description of the charges made by the government against the defendant; it is not

3

evidence of anything.  The defendant has pleaded not guilty to the charges and is presumed innocent unless and until proved guilty beyond a reasonable doubt.  A defendant has the right to remain silent and never has to prove innocence or present any evidence.

The charges are only accusations, nothing more.  Does any juror prefer not serving as a juror in this type of case?

6.   The parties anticipate it could take 4 days for them to submit the case to you, after which you will retire to deliberate on the case.  We will be in trial today, Wednesday, Thursday, and next Tuesday from 9:00 a.m. to about 4:30 p.m.   But as soon as you commence jury deliberations, you will be expected to deliberate every day except weekends from 9:00 a.m. to about 4:30 p.m. until you complete your deliberations.  Does this present a special problem to any member of the jury panel?

7.   Have you heard or read anything about this case other than what I stated in this courtroom?

<u>Pretrial Publicity</u>

[If the answer is no to question 7, pretrial publicity questions 8 and 9 will not be asked.]

8.   As a result of what you read or heard, have you formed any opinion or do you have any preconceived notion as to the defendant's guilt or innocence?  If so,

4

9.   Can you set that opinion aside and render your decision based solely on the evidence presented at this trial and the instructions I will give you at the end of the trial?

10.   The attorneys for the parties in this action may introduce themselves, commencing with the government's attorney, who is also required to <u>read a witness list</u> stating the names <u>of all prospective witnesses the government intends to call</u>.  Defense counsel need only introduce himself and his client.

11.   Do you know or have you had dealings with any of the lawyers or any person just named?

12.   Do you know any potential juror on the jury panel in this courtroom?

13.   Each of you will have to determine who is telling the truth.  Please raise your hand if you are unwilling or not comfortable judging a witness' credibility and making this kind of decision?

14.   Do you have beliefs that make it impossible or difficult for you to decide the guilt or innocence of another person?

15.   Have you ever served as a juror in a criminal or a civil case?

a.   Please explain what type of claim was involved and whether the jury reached a verdict.

16.   Is there any reason why you would not be able to give your full attention to this case?

17.  Do you think you could have difficulty seeing or hearing the witnesses?

18.  Are you taking any medication that makes you sleepy or affects your ability to concentrate?

19.  Would you tend to believe the testimony of a witness just because that witness is a law enforcement officer and for no other reason?

20.  On the other hand, would you tend not to believe testimony of a witness just because that witness is a law enforcement officer?

21.  Are you now, or have you ever been a member of any law enforcement agency, whether local, state, or federal or engaged in law enforcement work for some private concern?

22.  Are you closely related to, or do you maintain a close friendship or business acquaintance with, any law enforcement officer?

23.  Do you have any difficulty with the rule of law that a person charged with a crime is presumed innocent and need not present any evidence and the government at all times bears the burden of proving guilt beyond a reasonable doubt?

24.  Do you have any problem with the rule of law that the defendant need not testify in his own behalf and that if the defendant chooses not to testify that factor may not be considered by you in your deliberations?

25.  Do you have any problem with the requirement that your decision in this case must be based solely on the evidence presented at the trial and by applying the law as I will give it to you in my instructions whether or not you agree with that law?

26.  My deputy clerk will give juror number 1 a sheet on which there are questions that I want each of you to answer. Please pass the sheet to the juror next to you after you answer the questions.

(a)   Name

(b)   Age

(c)   Educational background

(d)   Your marital status

(e)   Present and former occupation for you and your spouse and/or the most significant person in your life (including military service)

(f)   Part of the state in which you live

(g)   Ages and occupations of children

27.  Permit each counsel 15 minutes to voir dire the panel.

## CRIMINAL PRELIMINARY JURY INSTRUCTIONS

### DUTY OF JURY

Ladies and gentlemen:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.  At the end of the trial I will give you more detailed instructions.  Those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are.  You, and you alone, are the judges of the facts.  You will hear the evidence, decide what the facts are, and then apply those facts to the law which I will give to you.  That is how you will reach your verdict.  In doing so you must follow that law whether you agree with it or not.  The evidence will consist of the testimony of witnesses, documents, and other things received into evidence as exhibits and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

1

## RULES FOR CRIMINAL CASES

As you know, this is a criminal case.  There are three basic rules about a criminal case that you must keep in mind.

First, the defendant is presumed innocent until proven guilty.  The criminal charges against the defendant brought by the government are only accusations, nothing more.  The charges are not proof of guilt or anything else.

Second, the burden of proof is on the government until the very end of the case.  The defendant has no burden to prove his innocence, or to present any evidence, or to testify.  Since the defendant has the right to remain silent, the law prohibits you in arriving at your verdict from considering that the defendant may not have testified.

Third, the government must prove the defendant's guilt beyond a reasonable doubt.  I will give you further instructions on this point later, but bear in mind that in this respect a criminal case is different from a civil case.

## WHAT IS NOT EVIDENCE

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

1. Statements and arguments of the attorneys.

2. Questions and objections of the attorneys.

3. Testimony that I instruct you to disregard.

4. Anything you may have seen or heard when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

## EVIDENCE FOR LIMITED PURPOSE

Some evidence is admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose you must consider it only for that limited purpose and for no other.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.  You are to consider both direct and circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## RULING ON OBJECTIONS

There are rules of evidence which control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence which I told you to disregard.

6

## BENCH CONFERENCES AND RECESSES

From time to time during the trial it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.  the opportunity and ability of the witness to see or hear or know the things testified to;

2.  the witness' memory;

3.  the witness' manner while testifying;

4.  the witness' interest in the outcome of the case and any bias or prejudice;

5.  whether other evidence contradicted the witness' testimony;

6.  the reasonableness of the witness' testimony in light of all the evidence; and

7.  any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

8

Conduct of the Jury


I am now going to give you jury admonitions that you must
remember.  When we take recesses I will reference these
admonitions by telling you to remember the admonitions or
something similar to that.  You are required to follow these
admonitions whether or not I remind you to remember them:

First, do not talk to each other about this case or about
anyone who has anything to do with it until the end of the case
when you go to the jury room to decide on your verdict.

Second, do not talk with anyone else about this case or
about anyone who has anything to do with it until the trial has
ended and you have been discharged as jurors. "Anyone else"
includes members of your family and your friends. You may tell
them that you are a juror, but don't tell them anything about the
case until after you have been discharged by me.

Third, do not let anyone talk to you about the case or about
anyone who has anything to do with it. If someone should try to
talk to you, please report it to me immediately.

Fourth, though it is a normal human tendency to converse
with people with whom one is thrown in contact, please do not,
during the time you serve on this jury, converse whether in or
out of the courtroom, with any of the parties or their attorneys
or any witness.  By this I mean not only do not converse about
the case,  but do not converse at all, even to pass the time of

9

day.  In no other way can all the parties be assured of the absolute impartiality they are entitled to expect from you as jurors.

There may be occasions when you come upon one of the attorneys or parties in this case outside the courtroom.  The attorneys and parties are now instructed not to communicate with you.  Therefore, their failure to acknowledge you should not be interpreted as being impolite, but merely following the Court's orders.

Fifth, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it.

Sixth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own.

Seventh, if you need to communicate with me simply give a signed note to the clerk to give to me.

Eighth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

**NO TRANSCRIPT AVAILABLE TO JURY**


At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony.  I urge you to pay close attention to the testimony as it is given.

## TAKING NOTES

If you wish, you may take notes to help you remember what witnesses said.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  And do not let note taking distract you so that you do not hear other answers by witnesses.  When you leave at night, your notes should be left on your chair and the courtroom deputy will lock them up over night.

Whether or not you take notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by the notes.

**OUTLINE OF TRIAL**

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, the defendant may present evidence and counsel for the government may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

INSTRUCTION NO. 1


Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case.  Each of you is in possession of a copy of these instructions, which you can take into the jury room for your use if you find it necessary.

It is your duty to find the facts from all the evidence in the case.  To those facts you must apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  And you must not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return -- that is a matter entirely up to you.

1

INSTRUCTION NO. 2


The criminal charges are not evidence.  The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charge beyond a reasonable doubt.

INSTRUCTION NO. 3


A defendant in a criminal case has a constitutional right not to testify.  No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

INSTRUCTION NO. 4


    The defendant has testified.  You should treat this
testimony just as you would the testimony of any other witness.

INSTRUCTION NO. 5

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

INSTRUCTION NO. 6

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits which have been received into evidence; and (3) any facts to which all the lawyers have agreed or stipulated.

INSTRUCTION NO. 7

In reaching your verdict you may consider only the testimony
and exhibits received into evidence.  Certain things are not
evidence and you may not consider them in deciding what the facts
are.  I will list them for you:

1.  Arguments and statements by lawyers are not evidence.
The lawyers are not witnesses.  What they have said in their
opening statements and at other times, including closing
arguments, is intended to help you interpret the evidence, but it
is not evidence.  If the facts as you remember them differ from
the way the lawyers have stated them, your memory of them
controls.

2.  Questions and objections by lawyers are not evidence.
Attorneys have a duty to their clients to object when they
believe a question is improper under the rules of evidence.  You
should not be influenced by the objection or by the court's
ruling on it.

3.  Testimony that has been excluded or stricken, or that
you have been instructed to disregard, is not evidence and must
not be considered.  In addition, some testimony and exhibits have
been received only for a limited purpose; where I have given a
limiting instruction, you must follow it.

4.   Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 8


Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.  You are to consider both kinds of evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 9

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.   the opportunity and ability of the witness to see or hear or know the things testified to;

2.   the witness's memory;

3.   the witness's manner while testifying;

4.   the witness's interest in the outcome of the case and any bias or prejudice;

5.   whether other evidence contradicted the witness's testimony;

6.   the reasonableness of the witness's testimony in light of all the evidence; and

7.   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

INSTRUCTION NO. 10

You are here only to determine whether the defendant is guilty or not guilty of each of the charges in the indictment. Your determination must be made only from the evidence in the case.  The defendant is not on trial for any conduct or offense not charged in the indictment.  You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to the charges against the defendant.

INSTRUCTION NO. 11


The defendant is on trial only for the crimes charged in the indictment, not for any other activities.

INSTRUCTION NO. 12

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

INSTRUCTION NO. 13


You have heard testimony that the defendant made statements. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

14

INSTRUCTION NO. 14


You have heard evidence of other crimes or acts engaged in by the defendant.  You may consider that evidence only as it bears on the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, and for no other purpose.

INSTRUCTION NO. 15


You have heard evidence that defendant has previously been convicted of a crime.  You may consider that evidence only as it may affect the defendant's believability as a witness.  You may not consider a prior conviction as evidence of guilt of the crime for which the defendant is now on trial.

16

INSTRUCTION NO. 16


You have heard evidence that _____ (CI), a witness, has been convicted of various offenses.  You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe this witness and how much weight to give to the testimony of that witness.

INSTRUCTION NO. 17


You have heard testimony from _____, a witness who received compensation from the government in connection with this case.

For this reason, in evaluating _____'s testimony, you should consider the extent to which or whether _____'s testimony may have been influenced by this factor.  In addition, you should examine _____'s testimony with greater caution than that of other witnesses.

INSTRUCTION NO. 18

In any criminal case, the government must prove beyond a reasonable doubt that the defendant was the perpetrator of the crimes alleged.

You have heard testimony of eyewitness identification.  In deciding how much weight to give to this testimony, you may take into account the various factors mentioned in these instructions concerning credibility of witnesses.

In addition to those factors, in evaluating eyewitness identification testimony, you may also take into account:

1.    the capacity and opportunity of the eyewitness to observe the offender based upon the length of time for observation and the conditions at the time of observation;

2.    whether the identification was the product of the eyewitness' own recollection or was the result of subsequent influence or suggestiveness;

3.    any inconsistent identifications made by the eyewitness;

4.    whether the witness had known or observed the offender at earlier times; and

5.    the totality of circumstances surrounding the eyewitness' identification.

19

INSTRUCTION NO. 19


You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. 20


Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case. They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

INSTRUCTION NO. 21

Certain charts and summaries have been received into evidence.  Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

INSTRUCTION NO. 22


The defendant is charged in Count One of the indictment with distribution of cocaine base in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly delivered cocaine base; and

Second, the defendant knew that it was cocaine base or some other prohibited drug.

INSTRUCTION NO. 23

The defendants are charged in Count Two of the indictment with possession with the intent to distribute cocaine base, in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed cocaine base, and

Second, the defendant possessed it with the intent to deliver it to another person.

It does not matter whether the defendant knew that the substance was cocaine base.  It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

INSTRUCTION NO. 24


The defendants are charged in Count Three of the indictment with possession with the intent to distribute cocaine, in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed cocaine, and

Second, the defendant possessed it with the intent to deliver it to another person.

It does not matter whether the defendant knew that the substance was cocaine.  It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

25

INSTRUCTION NO. 25


An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

INSTRUCTION NO. 26


A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

INSTRUCTION NO. 27

A defendant may be found guilty of distribution of a controlled substance or of possession with the intent to distribute a controlled substance (such as cocaine or cocaine base), even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, the crime of possession with the intent to distribute the controlled substance was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit the crime of possession with the intent to distribute the controlled substance; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime of possession with the intent to distribute the controlled substance.

28

The government is not required to prove precisely who
actually committed the crime; it is necessary only that the
offense was committed by somebody and that the defendant
intentionally did an act to help in its commission.

INSTRUCTION NO. 28


When you begin your deliberations, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 29


Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be--that is entirely for you to decide.

INSTRUCTION NO. 30


Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

INSTRUCTION NO. 31


The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

INSTRUCTION NO. 32


A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the United States Marshal's representative that you are ready to return to the courtroom.

INSTRUCTION NO. 33


If it becomes necessary during your deliberations to communicate with me, you may send a note through the United States Marshal's representative, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone--including me--how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.